IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEONARD PURVIS, PATRICIA PURVIS, KENNETH BRYANT and BEVERLY STARLING,<br><br>Plaintiffs,<br><br>v.<br><br>DOUGLASVILLE DEVELOPMENT, LLC,<br><br>Defendant. | Civil Action File<br>No. 1:06-CV-0415-WSD |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and this Court's Local Rules, Defendant Douglasville Development, LLC ("Douglasville Development") respectfully submits that Plaintiffs' February 23, 2006 "Complaint for Damages and Injunctive Relief" must be dismissed for lack of subject matter jurisdiction. This Court lacks subject matter jurisdiction because Plaintiffs failed to substantially comply with the mandatory notice provisions of the federal Clean Water Act, 33 U.S.C. § 1365(b).

## INTRODUCTION

In their Complaint, Plaintiffs allege that Douglasville Development's land-disturbing activities at a residential development known as "Tributary at New Manchester" in Douglas County have resulted in an "increased volume, velocity, and turbidity of the water flowing across" adjacent properties of which the Plaintiffs are "owners and/or occupiers." (Complaint at pp. 3, 7, ¶¶ 8, 9, 22-24) (a copy of which is attached hereto as Exhibit "A"). Seven of the ten counts in Plaintiffs' Complaint are claims based on state common law or state statute (Counts Four through Ten for Trespass, Nuisance, Negligence, Negligence Per Se, Riparian Rights [O.C.G.A. § 44-8-1], Punitive Damages, and Attorneys' Fees under O.C.G.A. § 13-6-11). Counts One, Two, and Three of Plaintiffs' Complaint are based on the "citizen suit" provision of the federal Clean Water Act ("CWA"), 33 U.S.C. 1365(a)(1), and thus Plaintiffs allege that this Court has subject matter jurisdiction based on federal question jurisdiction under § 505 of the CWA and 28 U.S.C. § 1331. (Complaint at pp. 1-2, ¶¶ 1-3).

However, in order to be entitled to prosecute a citizen suit under the CWA as "private attorneys general" (Complaint at p. 2, ¶ 3), Plaintiffs must comply with strict statutory and regulatory requirements set forth by Congress and the U.S. Environmental Protection Agency ("EPA"). Section 505(b)(1) of the CWA

provides in pertinent part that "No action may be commenced-(1) under subsection (a)(1) of this section-(A) prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order[.]" 33 U.S.C. § 1365(b)(1) (emphasis added). Construing this citizen suit notice provision of the CWA, the Eleventh Circuit held that "the 60-day notice requirement of 33 U.S.C. § 1365(b) is a mandatory condition precedent to the filing of a citizen suit under the Clean Water Act. If a plaintiff fails to comply with this notice requirement where it is applicable, the district court is required to dismiss the action." National Envtl. Found. v. ABC Rail Corp., 926 F.2d 1096, 1097 (11th Cir. 1991) (emphasis added) (citing Hallstrom v. Tillamook County, 493 U.S. 20, 110 S. Ct. 304 (1989)). Similarly, in Hallstrom, the Supreme Court analyzed the analogous notice provision under the federal Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(b), and held that "the notice and 60-day delay requirements are mandatory conditions precedent to commencing suit under the RCRA citizen suit provision; a district court may not disregard these requirements at its discretion." Id. at 31, 110 S. Ct. at 311 (rejecting plaintiffs'

contention that the 60-day notice provision should be subject to equitable modification and cure).[1]

In the instant case, Plaintiffs sent a notice letter to Douglasville Development on November 15, 2005. A true and correct copy of such correspondence is attached hereto as Exhibit "B"). However, such notice letter was vague and equivocal, failed to provide the minimum information necessary for Douglasville Development and the appropriate agencies to identify the pertinent aspects of the alleged violations, failed to sufficiently identify the persons responsible for the particular violations raised in the letter, failed to mention in any way alleged violations that were later raised in Plaintiffs' Complaint, and contained allegations that are directly contradicted by allegations made by Plaintiffs' Complaint. In such circumstances, the Complaint must be dismissed under clear language of the CWA, its implementing regulations, and well-established precedent.

[1] In Hallstrom, the Supreme Court expressly declined to determine whether the notice requirement "is jurisdictional in the strict sense of the term." Hallstrom, 493 U.S. at 31, 110 S. Ct. at 311. However, the Court emphasized that, regardless of the characterization of a plaintiff's failure to comply with the notice provisions for a citizen suit, such a failure requires that a "district court must dismiss the action as barred by the terms of the statute." Id. at 33, 110 S. Ct. at 312.

## ARGUMENT AND CITATION OF AUTHORITY

### A. Plaintiffs Bear the Burden of Establishing Subject Matter Jurisdiction.

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." A "facial attack" on the complaint requires a court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990); Hayden v. Blue Cross & Blue Shield of Alabama, 855 F. Supp. 344, 347 (M.D. Ala. 1994). A "factual attack," on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings. See Lawrence, 919 F.2d at 1529. As explained by the Eleventh Circuit, "[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial from evaluating for itself the merits of jurisdictional claims." Id. (emphasis added) (quoting Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981)).

The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. See Thomson v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 675

(1942). As such, the Plaintiffs have the burden to prove that they complied with the mandatory notice requirements of the Clean Water Act. Atwell v. KW Plastics Recycling Div., 173 F. Supp. 2d 1213, 1215 (M.D. Ala. 2001). Plaintiffs cannot satisfy that burden in the instant case.

**B. The Clean Water Act's Mandatory Notice Requirement.**

As explained above, the Clean Water Act's 60-day notice requirement is a "mandatory condition precedent" to filing a citizen suit. Hallstrom, 493 U.S. at 31, 110 S. Ct. at 311; National Envtl. Found., 926 F.2d at 1097. n regard to the required contents of the notice letter, section 505(b) of the CWA provides that "[n]otice under this subsection shall be given in such manner as the Administrator shall prescribe by regulation." Id. (emphasis added). The procedures prescribed by the Administrator of the EPA to govern the CWA's notice requirements are set forth at 40 C.F.R. § 135.1, *et seq*. The specific content requirements of the notice letter are found in § 135.3(a), which provides:

> *Violation of standard, limitation, or order.* Notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice."

40 C.F.R. § 135.3(a) (2005) (emphasis added). Strict compliance with the regulation is unquestionably mandatory under the plain language of the CWA. See 33 U.S.C. § 1365(b) ("Notice under this subsection shall be given in such manner as the Administrator shall prescribe by regulation") (emphasis added).

The reasons for requiring strict compliance with a statutory notice provision and the specific contents requirements set forth by the U.S. EPA in 40 C.F.R. § 135.3(a) were articulated by the Supreme Court in Hallstrom. Relying on its decision in Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 109 S. Ct. 376 (1987), a CWA case, and the legislative history of the major, federal environmental statutes, the Supreme Court in Hallstrom explained that Congress struck "a balance between encouraging citizen enforcement of environmental regulations and avoiding burdening the federal courts with excessive numbers of citizen suits." Hallstrom, 493 U.S. at 29, 110 S. Ct. at 310. The Court explained that requiring citizens to comply with the notice and delay requirements serves this congressional goal in two ways. First, notice helps obviate the need for citizen suits by allowing government agencies to take responsibility for enforcing environmental regulations. Id. (citing Gwaltney, 484 U.S. at 60, 108 S. Ct. at 382). Second, notice gives the alleged violator "'an opportunity to bring itself into complete compliance with the Act and thus likewise

render unnecessary a citizen suit.'" Hallstrom, 493 U.S. at 29, 110 S. Ct. at 310 (quoting Gwaltney, 484 U.S. at 60, 108 S. Ct. at 382). The Court ultimately summed up its analysis by explaining that "'[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" Hallstrom, 493 U.S at 31, 110 S. Ct. at 311 (emphasis added) (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826, 100 S. Ct. 2486, 2497 (1980)).

Following the strict construction approach required by the Supreme Court, federal courts have frequently dismissed CWA citizen suits when the plaintiff's 60-day notice letter did not provide the defendant with detailed notice of the alleged violations and/or the plaintiff's complaint contained alleged violations that were not raised in the 60-day notice letter. See e.g. Washington Trout v. McCain Foods, Inc. 45 F.3d 1351, 1354-55 (9th Cir. 1995) ("We are guided by the Court's decision in Hallstrom and find its holding applicable to the notice requirements under the Clean Water Act. The notice provided to [defendant] was insufficient as required by the regulations promulgated under the CWA. Therefore, the district court is correct in dismissing the action for lack of subject matter jurisdiction"); Sierra Club Ohio Chapter v. City of Columbus, 282 F. Supp. 2d 756, 775-776 (S.D. Ohio 2003) (emphasizing that individuals giving notice under § 505(b) of the

CWA must "comply strictly with the statutory and regulatory notice requirements" and dismissing plaintiffs' complaint "[b]ased on the Court's conclusion that the May 23, 2002 notice letter failed, in its substance, to comply with the requirements of 33 U.S.C. § 1365 and 40 C.F.R. § 135.3"); Frilling v. Village of Anna, 924 F. Supp. 821, 834-835 (S.D. Ohio 1996) ("this Court holds that Plaintiffs' failure to identify [in their notice letter] the specific permit provisions and federal regulations which are alleged in their Complaint to have been violated by Defendant Honda, render its notice to Defendant Honda insufficient under 40 C.F.R. § 135.3").

As explained by a district court within the Eleventh Circuit,

> [a]llowing a plaintiff to provide minimal information in a notice letter before bringing suit would place a heavy burden on alleged violators and enforcement agencies alike, a burden inconsistent with the policy goals of the notice requirement as articulated in Hallstrom. Accordingly, this court interprets 40 C.F.R. § 135.3 as requiring the plaintiff to provide enough information to enable both the alleged violator and the appropriate agencies to identify the pertinent aspects of the alleged violations without undertaking an extensive investigation of their own. To hold otherwise would frustrate the legislative intent behind the notice provision.

Atwell v. KW Plastics Recycling Div., 173 F. Supp. 2d 1213, 1222-1223 (M.D. Ala. 2001) (emphasis added) (rejecting "the proposition that minimal, generalized notice is sufficient as long as there is enough information for the recipient to investigate and thereby determine what the plaintiff may allege") (emphasis in original).

As explained below, the Plaintiffs' Complaint is subject to dismissal because Plaintiffs' November 15, 2005 notice letter was vague and equivocal, failed to provide the minimum information necessary for Douglasville Development and the appropriate agencies to identify the pertinent aspects of the alleged violations, failed to sufficiently identify the persons responsible for the particular violations raised in the letter, failed to raise many alleged violations that were later contained in Plaintiffs' Complaint, and contained allegations that are directly contradicted by allegations in Plaintiffs' Complaint.

## C. The Plaintiffs Failed to Provide Sufficient Notice to Douglasville Development.

Despite its apparent length (over 4 pages of text) and broad and numerous allegations, the Plaintiffs' November 15, 2005 letter fails to strictly comply with the statutory and regulatory notice requirements because the letter does not "include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, [and] the location of the alleged violation." 40 C.F.R. § 135.3(a) (2005).

1. **Plaintiffs' Equivocal and Contradictory Contentions Failed to Provide Adequate Notice of the Alleged Violations.**

First, the vague and broad nature of the allegations in the letter is evidenced by the Plaintiffs' attempt to 'hedge their bets' by contending that Douglasville Development was violating the CWA by "either" (1) discharging pollutants without a permit "or" (2) violating the terms of a permit. (Ex. B at p. 2) (emphasis added).[2] Such an inherently contradictory contention clearly does not provide Douglasville Development with sufficient information to identify the specific standard or limitation alleged to be violated. In similar circumstances, a court recently concluded that such an equivocal contention is insufficient under the CWA's notice requirement. See The Envtl. Conservation Org. v. City of Dallas, No. 3-03-CV-2951-BD, 2005 WL 1771289, at *6 (N.D. Tex. July 26, 2005) ("The allegation that the City is 'discharging pollutant-laden storm water and non-storm water without a NPDES or TPDES permit, in violation of a NPDES or TPDES permit, and/or at levels far exceeding any discharge permitted under a NPDES or

[2] In that regard, Plaintiffs' November 15, 2005 letter asserts "[t]he notice letter hereby alleges that the land disturbance and other development activities undertaken by some or all of the above listed parties on the property of the new Manchester sites in Douglas County, Georgia, have resulted in discharges which violate Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), in that either a point source discharge permit . . . for the discharge of dirt, sand, rock, eroded soil, sediment, debris, stormwater, and other pollutants from the New Manchester Sites

TPDES permit,' is far too broad to give meaningful notice of [the plaintiff's] complaint. . . . It is not clear from this letter whether [the plaintiff] contends that the City is discharging pollutants without a permit or has a permit but is violating it") (a copy of which is attached hereto as Exhibit "C"). The Plaintiffs' failure in their November 15, 2005 letter to provide the basic information of whether they alleged violation of the terms of a permit or alleged discharge of pollutants without a permit renders Plaintiffs' notice letter insufficient on its face.

**2. Plaintiffs Failed to Sufficiently Identify the Persons Responsible for the Alleged Violations.**

The Plaintiffs' November 15, 2005 letter is also insufficient because it fails to identify "the person or persons responsible for the alleged violation[s]" as required by 40 C.F.R. § 135.3(a). Unlike the Plaintiffs' Complaint which names only Douglasville Development as a defendant, Plaintiffs' November 15, 2005 letter lists ten different entities as "potentially responsible parties,"[3] but fails to

---

into waters of the United States has not been obtained or that the terms of any such permit obtained have been violated." (Ex. A at p. 2) (emphasis added).

[3] The November 15, 2005 notice letter states that "the potentially responsible parties include the following: New Manchester Investments, LLC; New Manchester Office & Business Properties, LLC; New Manchester, LLC; Tributary at New Manchester Community Association, LLC; Alliance for Tributary at New Manchester; Douglasville Development, LLC; SouthEastern Civil Engineering, LLC; Brad Cole Construction Co.; and Plateau Excavation, Inc." (Ex. B at p. 3). In addition to listing such entities, Plaintiffs' letter also identifies "any other

provide any notice regarding which particular entities are responsible for the particular violations alleged in the letter. (Ex. B at p. 3). Rather, Plaintiffs broadly assert that "some or all of the above listed parties" undertook activities that violated the CWA. (Id.) However, it is impossible to determine from Plaintiffs' letter who Plaintiffs contended was responsible for the purported violations. In light of such broad and unspecific contentions, Plaintiffs' letter falls short of the statutory notice requirement and fails to perform either of the two primary functions of a sufficient notice letter because it (1) does not help the relevant state agency to assess intelligently whether to investigate or launch an enforcement action, and (2) does not inform the alleged violators of what they must do to avoid suit and bring themselves into compliance. See Hallstrom, 493 U.S. at 29, 110 S. Ct. at 310 (identifying two primary purposes of the 60-day notice requirement); Atwell, 173 F. Supp. 2d at 1219.

**3. Plaintiffs' Notice Letter is Contradicted by Their Complaint.**

The deficiencies in Plaintiffs' November 15, 2005 letter also include the "sample listing of some specific dates" of alleged CWA violations. (Ex. B at p. 4). Although such list does include specific dates, Plaintiffs failed to identify the specific violations occurring on any of the dates, but rather generally reference all

---

subsidiary or related entity of any of the preceding [ten entities] involved in

"the violations of the Act discussed herein." (Id.) Moreover, in their November 15, 2005 letter, Plaintiffs contend that the violations "began no later than March 21, 2002" and Plaintiffs list ten dates prior to January 1, 2004, on which the ten entities allegedly engaged in land-disturbing activities somehow violating the CWA. (Id.) However, in direct contradiction to the Plaintiffs' contentions in their letter regarding the alleged dates of violation, Plaintiffs allege in their Complaint that "Plaintiffs believe that by early 2004 Defendant began development activities, including timber clearing, on the section of the Site located directly behind the Plaintiffs' properties." (Complaint at p. 6, ¶ 17, Ex. B). Clearly, if Douglasville Development did not begin development activities at the relevant property until "early 2004" as alleged by Plaintiffs, Plaintiffs' contentions in their notice letter regarding violations allegedly occurring in 2002 and 2003 do not provide "sufficient information for the recipient to identify . . . the date or dates of such violation[s]." 40 C.F.R. 135.3(a).

**4. Plaintiffs' Allegations Regarding Violation of § 404 of the CWA are Vague and Insufficient.**

Plaintiffs' nebulous contentions in their November 15, 2005 notice letter also include their allegations regarding the discharge of "dredge and fill materials into waters of the United States without a permit in violation of § 404 of the

---

activities at the New Manchester Sites" as "potentially responsible parties." (Id.)

[CWA]." (Ex. B at p. 4). After making that contention, Plaintiffs' notice letter includes some vague form language regarding the requirements of § 404 of the CWA (id. at pp. 4-5), but Plaintiffs fail to identify (1) what specific activities have resulted in the discharge of dredged or fill materials into navigable waters or wetlands, (2) the specific identity or location of the navigable waters or wetlands into which dredged or fill materials have allegedly been deposited, or (3) how the alleged filling of navigable waters or wetlands is differentiated from Plaintiffs' allegations regarding the discharge of pollutants in violation of § 301 of the CWA. In light of such failures, Douglasville Development (and the other nine entities listed in the letter) had no opportunity to identify and evaluate the pertinent aspects of the alleged § 404 violations and thus this Court lacks jurisdiction over Count II of Plaintiffs' Complaint in which Plaintiffs claim relief for an alleged violation of § 404 of the CWA. See 40 C.F.R. § 135.3(a) (notice "shall include sufficient information to permit the recipient to identify . . . the activity alleged to constitute a violation"); Atwell v. KW Plastics Recycling Div., 173 F. Supp. 2d 1213, 1222-1223 (M.D. Ala. 2001) (holding that 40 C.F.R. § 135.3 requires a plaintiff "to provide enough information to enable both the alleged violator and the appropriate agencies to identify the pertinent aspects of the alleged violations without undertaking an extensive investigation of their own").

### 5. Plaintiffs Make Allegations in Their Complaint Regarding CWA Violations That Were *Not* Raised in Plaintiffs' Notice Letter.

Congress could not have chosen clearer language to express the requirement that a plaintiff's citizen suit complaint must be limited to the violations expressly listed in the sixty-day notice letter. Section 505(b)(1) of the CWA requires not just notice of an alleged violation, but "notice of the alleged violation." 33 U.S.C. § 1365(b)(1) (emphasis added). Therefore, each of the violations alleged in the Plaintiffs' Complaint must have been stated in the sixty-day notice letter. Plaintiffs' Complaint fails to satisfy that requirement by including numerous alleged violations for which no notice was provided to Douglas Development.

In Count I of their Complaint, Plaintiffs allege that "[t]he turbidity of discharges from the Tributary at New Manchester development site has exceeded the allowable NTU limits." (Ex. A at p. 10, ¶ 36). However, Plaintiffs' November 15, 2005 letter contains no allegation regarding the exceedance of any specific permit limit nor does it contain any reference to NTU[4] levels in the relevant receiving waters. Plaintiffs' equivocal contention in their notice letter that Douglasville Development (and the other nine entities identified in the letter) "either" failed to obtain a permit "or" that "the terms of any such permit obtained

[4] "NTU" is an abbreviation of nephelometric turbidity unit, which is a measure of the amount of sediment or silt in water.

have been violated" is not sufficient notice. Frilling, 924 F. Supp. at 834-35 ("Plaintiffs' failure to identify [in their notice letter] the specific permit provisions and federal regulations which are alleged in their Complaint to have been violated by Defendant Honda, render its notice to Defendant Honda insufficient under 40 C.F.R. § 135.3").

Similarly, in paragraph 37 of their Complaint, Plaintiffs allege that "[t]he Defendant has failed to adhere to the specific engineering principles called for in the General Permit." (Ex. A at p. 10).[5] Not only is that allegation vague, but Plaintiffs' notice letter makes absolutely no reference to either the General Permit or any purported deficiencies in "engineering" by Douglasville Development. (Ex. B).

Plaintiffs' allegation in paragraph 38 of their Complaint that "[t]he Defendant has failed to design and implement appropriate storm water control measures called for in the General Permit" also fails for insufficient notice. Plaintiffs' notice letter contains no reference or contention regarding insufficient design of any storm water control measures. (Ex. B at p. 4) (contending that land

[5] The "General Permit" is the State of Georgia's General Permit No. GAR100001, which authorizes storm water discharges associated with construction activities.

disturbance occurred without the "proper installation and maintenance of all erosion and sediment control structures and measures") (emphasis added).

Continuing their practice of alleging violations not raised in their notice letter, Plaintiffs allege in paragraph 39 of the Complaint that "[u]pon information and belief, the Defendant has failed to comply with all of the requirements of the Erosion Control Pollution Prevention Plan, to the extent that such a plan exists." However, similar to their allegations in ¶¶ 36, 37, and 38, such allegation is barred as a matter of law because Plaintiffs' November 15, 2005 letter makes no reference to any "Erosion Control Pollution Prevention Plan" and failed to provide any notice to Douglasville Development of any alleged violations in regard to such a plan.

In light of Plaintiffs' failure to provide any notice to Douglasville Development of the purported violations alleged in paragraphs 36, 37, 38, and 39 of Plaintiffs' Complaint, this Court is without jurisdiction to consider such allegations and they must be stricken from the Complaint.[6]

### 6. Plaintiffs' Notice Letter is Technically Deficient.

Finally, Plaintiffs' November 15, 2005 notice letter is also deficient because it fails to include the telephone numbers of the Plaintiffs. 40 C.F.R. § 135.3(a)

specifically provides that a notice letter "shall include . . . the full name, address, and telephone number of the person giving notice." (emphasis added). In Plaintiffs' November 15, 2005 letter, Plaintiffs' counsel attempts to finesse this requirement by stating that each of the Plaintiffs may be contacted at the offices of Plaintiffs' counsel and providing the phone number for that office. (Ex. B at p. 2). However, providing the phone number of Plaintiffs' counsel does not comply with the clear language of 40 C.F.R. § 135.3. See C.A.R.S. v. U.S. Army Corps of Engineers, No. 04-CV-328E(SR), 2005 WL 3534178, at *6 (W.D.N.Y. Dec. 23, 2005) (rejecting plaintiffs' claim that listing phone number of plaintiffs' attorney, rather than numbers of individual plaintiffs, was sufficient to comply with 40 C.F.R. § 135.3 and concluding that plaintiffs' failure to list phone numbers of individual plaintiffs, when combined with other substantive deficiencies in the plaintiffs' 60-day notice letter, "amount[ed] to sufficiently serious defects warranting dismissal") (a copy of which is attached hereto as Exhibit "D"). Although dismissal based on such a technical failure may seem harsh, the U.S. Supreme Court has emphasized that strict compliance with the statutory notice provision and the contents requirements set forth by the U.S. EPA in 40 C.F.R.

---

[6] This argument is made in the alternative in the event that the Court does not dismiss Plaintiffs' Complaint in its entirety for insufficient notice.

§ 135.3(a) are mandatory, Hallstrom, 493 U.S at 31, 110 S. Ct. at 311,[7] and thus courts have specifically relied on a plaintiff's failure to properly provide his or her phone number in a notice letter as sufficient grounds for dismissing a citizen suit for lack of subject matter jurisdiction. E.g. Sierra Club Ohio Chapter, 282 F. Supp. 2d at 775-776 ("With respect to the individuals providing notice, although the notice letters did set forth their addresses, their phone numbers were not provided. . . . the Plaintiffs' failure to provide this information in a clear manner is reason enough of to dismiss their Complaint for lack of jurisdiction") (emphasis added); Washington Trout, 45 F.3d at 1352 (noting that plaintiffs' notice letter "did not provide the address and phone number of the named plaintiff").

## C. The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiffs' State Law Claims.

Seven of the ten counts in Plaintiffs' Complaint are causes of action based on state statutory or common law. This Court may decline to exercise supplemental jurisdiction over such pendent state law claims when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.

[7] In Hallstrom, the Supreme Court explained that "'[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" Hallstrom, 493 U.S at 31, 110 S. Ct. at 311 (emphasis added); see also 33 U.S.C. § 1365(b) ("Notice under this subsection shall be given in such manner as the Administrator shall prescribe by regulation") (emphasis added).

§ 1367(c)(3). As explained above, Plaintiffs' federal claims under the CWA fail for insufficient notice and thus Douglasville Development respectfully submits that the Court should not exercise supplemental jurisdiction over the Plaintiffs' remaining state law claims because "the court has not expended resources in adjudicating the remaining claims, the state court is equally convenient to the federal court and the remaining claims are in the early stages of litigation." Brandywine Indus. Paper, Inc. v. Chemical Leaman Tank Lines, Inc., No. CIV.A. 97-CV-8121, 1998 WL 855502, at *5 (E.D. Pa. Dec. 10, 1998) (declining to exercise supplemental jurisdiction over state law claims after court dismissed plaintiff's CWA claims for insufficiency of notice) (a copy of which is attached as Exhibit "E"); see e.g. Sierra Club Ohio Chapter, 282 F. Supp. 2d at 776 ("In addition to asserting claims under the federal Clean Water Act, the Plaintiffs allege that the Defendants' conduct violated state law. Because the Court finds that it must dismiss the Plaintiffs' federal claims based on a lack of jurisdiction over those claims, the Court cannot assert supplemental jurisdiction over the state law claims").[8]

[8] Alternatively, to the extent that this Court does not dismiss Plaintiffs' federal claims in their entirety, Douglasville Development requests that the Court decline to exercise its supplemental jurisdiction over Plaintiffs' numerous state law claims because such claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2).

## CONCLUSION

For the foregoing reasons, Defendant Douglasville Development, LLC respectfully requests that the Court dismiss Plaintiffs' Complaint because Plaintiffs failed to substantially comply with the mandatory notice provision of the Clean Water Act.

This 24th day of April, 2006.

SMITH, GAMBRELL & RUSSELL, LLP

/s/ Andrew M. Thompson
Andrew M. Thompson
Georgia Bar No. 707319
H. Joseph Colette
Georgia Bar No. 170045

Attorneys for Defendant
Douglasville Development, LLC

Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309-3592
404-815-3500 (telephone)
404-815-3509 (facsimile)

## CERTIFICATE OF COMPLIANCE WITH RULE 5.1(B)

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certify that the font and point size, Times New Roman 14 point, used in this document, comply with Local Rule 5.1(B).

This 24th day of April, 2006.

/s/ Andrew M. Thompson
Andrew M. Thompson
Georgia Bar No. 707319

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEONARD PURVIS, PATRICIA PURVIS, KENNETH BRYANT and BEVERLY STARLING, ) | |
| Plaintiffs, ) | Civil Action File No. 1:06-CV-0415-WSD |
| v. ) | |
| DOUGLASVILLE DEVELOPMENT, LLC, ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of April, 2006, I electronically filed with the Clerk of the Court **Defendant's Memorandum in Support of its Motion to Dismiss Plaintiffs' Complaint** (and attached exhibits) using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Adam Princenthal
C. Cooper Knowles
Andrews, Knowles & Princenthal, LLC
260 Peachtree Street, N.W.
Suite 502
Atlanta, Georgia 30303

Martin A. Shelton
Holly P. Cole
Andrea L. Pawlak
Stack & Associates, P.C.
260 Peachtree Street, N.W.
Suite 1200
Atlanta, Georgia 30303

/s/ Andrew M. Thompson
Counsel for Defendant
Douglasville Development, LLC