IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LEONARD PURVIS, PATRICIA
PURVIS, KENNETH BRYANT, and
BEVERLY STARLING,

                Plaintiffs,

    v.                                      1:06-cv-0415-WSD

DOUGLASVILLE
DEVELOPMENT, LLC

                Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Amend Order Consolidating Claims and Proposed Discovery Schedule [81] and Plaintiffs' Motion for Preliminary Injunction [29].

This case involves claims that Douglasville Development violated the federal Clean Water Act and Georgia state trespass and nuisance laws by causing erosion runoff and other pollutants to contaminate the stream flowing over Plaintiffs' properties. On February 23, 2006, Plaintiffs filed a complaint asking for damages, civil penalties, and injunctive relief. Plaintiffs filed motion for preliminary injunctive relief on October 6, 2006.

On October 20, 2006, the Court conducted a telephone conference in which it consolidated Plaintiffs' request for preliminary injunctive relief with their claims for permanent injunctive relief.  The Court directed the parties to engage in expedited discovery related to the injunctive relief claims only, which has now been completed.

In the present motion, Plaintiffs seek to avoid having one proceeding to determine their claim for injunctive relief, and then a jury trial to determine liability for damages and civil penalties.  Plaintiffs request that the Court amend the October 20, 2006 Order to consolidate their Motion for Preliminary Injunction with the trial on the merits for their damages claims, so that the parties determine all of their claims at one time.  Although the claim for injunctive relief is equitable and subject to determination by the Court, Plaintiffs seeks to have a jury decide all of the issues of fact common to their equitable and legal claims.

To this end, Plaintiffs further request that the Court grant four additional months of discovery, which they represent will be used to investigate damages and civil penalties issues only.  After this discovery period, Plaintiffs wish to have a trial on the merits of all of their claims for injunctive and monetary relief.

Defendant Douglasville Development "neither opposes nor consents to Plaintiffs' request to not have a separate hearing before the Court on Plaintiffs' requested injunctive relief. . ." Defendant does not object to Plaintiffs' proposed discovery extension. Defendant does object strongly to any implication in Plaintiffs' briefing that a jury rather than the Court be permitted to determine Plaintiffs' injunctive claims.

Federal Rule of Procedure 65(a)(2) permits the Court to "order the trial of the action on the merits to be advanced and consolidated with the hearing of the [preliminary injunction] application." In this case, the Court finds that it would serve the interests of judicial efficiency to determine Plaintiffs' injunctive and legal claims at one time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend Order Consolidating Claims and Proposed Discovery Schedule [81] is **GRANTED**.

**IT IS FURTHER ORDERED** that discovery in this case is extended until November 2, 2007. Discovery during this period may only be taken on issues relating to damages and civil penalties. The parties are required to submit by July

12, 2007 a status report, including a proposed schedule of fact and expert witness designations and expert report production during this discovery period.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Preliminary Injunction [29] is **DENIED** as moot.  Plaintiffs' injunctive claims are preserved as claims for permanent injunctive relief that will be determined at or near the time of trial.

**SO ORDERED** this 5th day of July, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE